Dear Mr. Molaison:
On behalf of the City of Westwego you have requested the opinion of this office on how to resolve an apparent conflict with a public works bid recently opened by the City. Specifically, the City of Westwego let out a public works bid in accordance with the Louisiana Public Bid Law (LSA R.S.38:2211-2296) for a project referred to as the "Rehabilitation of the Existing Water Tower for the City of Westwego". Formal bids were received and the City was prepared to award the contract to the lowest responsible bidder when an unsuccessful bidder filed an objection claiming the low bidder was not a Louisiana resident contractor as required by the bid documents. The bid documents contain a "bidders checklist" that includes a line item requiring a bidder "furnish satisfactory evidence and certification of the fact as a Louisiana resident contractor". The advertisement for bids states that contractors desiring to bid submit evidence that they hold a State License of proper classification that is in full force and effect and that the contractors current Louisiana License Number be placed on the bid documents. You ask whether the City of Westwego may award the contract to the low bidder who is not a Louisiana resident contractor but who is otherwise a responsive and responsible bidder.
LSA-R.S. 38:2211(7)(a) states that a "Louisiana resident contractor" includes any person, partnership, association, corporation, or other legal entity and is defined as one that either:
 (i) Is an individual who has been a resident of Louisiana for two years or more immediately prior to bidding on work,
 (ii) Is any partnership, association, corporation or other legal entity whose majority interest is owned by and controlled by residents of Louisiana, or,
 (iii) For two years prior to bidding has maintained a valid Louisiana contractor's license and has operated a permanent facility in the state of Louisiana and has not had a change in ownership or control throughout those two years.
LSA R.S. 38:2212A(1)(a) provides that:
 "All public work exceeding the contract limit as defined in the Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised for bids, and no such public work shall be done except as provided in this Part."
LSA-R.S. 38:2212A(1)(b) provides that:
 The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived by any public entity.
We do not feel that these provisions require you to reject a low bidder who is not a Louisiana resident contractor. The "bidder's checklist" designation cannot be used to pre-qualify bidders such that only a Louisiana resident contractor would be a responsive bidder. Such a requirement would be in conflict with the Public Bid Law. Prior opinions of this office have been consistent in stating that the Public Bid Law precludes prequalification of bidders. See AG Opinions Nos. 85-630, 87-367 and 98-497. In summary these opinions and the cases cited therein recognized that to allow prequalification of bidders on a public works project on any basis other than being licensed by the Contractors Licensing Board (LSA-R.S. 37:2150 et seq.) to do the kind of work which is to be done opens the door to manipulation of the eligible bidder pool on any number of criteria, the effect of which could be to destroy or severely limit effective competition. Therefore any bid specification that attempts to pre-qualify a bidder such as requiring a responsive bidder to be a Louisiana resident contractor is prohibited and cannot be used to reject an otherwise low responsible bidder.
Rather it would appear that the use of the "bidder's checklist" requiring a bidder to designate whether or not the bidder is a Louisiana resident would be an attempt to comply with the Louisiana Public Bid Law Reciprocity Statute found at R.S.38:2225. This provision provides as follows:
 § 2225. Preference in letting contracts for public work
 A. Repealed by Acts 1984, No. 894, § 3, eff. July 1, 1987.
 B. If a nonresident contractor bidding on public work in the state of Louisiana is domiciled in a state that provides a percentage preference in favor of contractors domiciled in that state over Louisiana resident contractors for the same type of work, then every Louisiana resident contractor shall be granted the same preference over contractors domiciled in the other state favoring contractors domiciled therein whenever the nonresident contractor bids on public work in Louisiana.
 C. Any local law, either by legislative act or otherwise, ordinance, or executive order enacted prior to the effective date of this Act, or enacted hereinafter in conflict with this Section, or granting any local contractor or subcontractor preference over other Louisiana resident contractors shall be contrary to the provision of this Section.
 D. The provisions and requirements of this Section shall not be waived by any public entity.
Prior to its repeal in 1987 Section A attempted to give Louisiana resident contractors a mandatory bid preference over non-resident contractors. As currently written this provision now allows a preference for Louisiana contractors only to the extent that an out of state contractor would receive a preference over the Louisiana contractor in the home state of the out of state bidder. Therefore the public entity requires this information to determine the resident state of each bidder to assure compliance with this provision.
It is therefore the opinion of this office that the designation on a "bidder's checklist" requiring a bidder furnish evidence that the bidder is a Louisiana resident contractor is not a responsiveness requirement but rather is for the purpose of determining compliance with R.S. 38:2225, the public bid law Reciprocity Statute. Any attempt to use such a requirement for responsiveness purposes is an attempt to pre-qualify a bidder which is prohibited by the Public Bid Law.
I trust that this answers your inquiry. Please let us know if we may be of further assistance in this matter.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL